His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
This suit for part of, the rent of the month of August and for the whole of the rent for the months of September and October, was filed on October 20, and was accompanied by a provisional seizure of the contents of the leased premises. The defendant having in his answer admitted owing all the September rent and the October rent to date of suit, and having meanwhile paid the balance of the August rent, judgment accordingly went against him for the amount thus acknowledged to be due, and the writ of seizure was maintained.
On this appeal the sole complaint of defendant is one that he embodied in a rule to dissolve the writ and which reads as follows*.
“That said seizure was wrongfully obtained and * * * should be set aside because Gus D. Revol (plaintiff) had regularly and continually permitted and countenanced the payment of the rent for said premises long after the time stipulated, and is there *310 by estopped from the issuance of said provisional seizure without notice to mover.”
The lease commenced about the first of June. The rent was payable monthly in advance, but despite plaintiffs repeated protests .and demands defendant was continuously in arrears. About October 1st, when both the ¡September and October rentals had likewise matured but remained unpaid, defendant gave his check for the balance due of the August rent. This check was twice deposited for collection and several times presented for payment, but on each occasion the bank declined to hon- or it for lack of funds to the drawer’s credit. Defendant did not redeem it until the day of suit and then made no offer or pretense of paying the rent due for the subsequent months.
Furthermore the record shows that during defendant’s brief occupancy, plaintiff constantly insisted that tire rent bo paid promptly; that he persistently demanded tha.t this condition be fulfilled; that he repeatedly threatened to oust defendant for his failure to do so-; and that he in fact served defendant with two or perhaps three formal notices to vacate, the last a few days before the suit was instituted.
Under these circumstancés- we fail to- perceive upon what theory plaintiff can be held to have waived or to have -estopped himself from demanding the rent or from applying the remedy for enforcing the privileges by which it is secured. While plaintiff was at liberty to continue breaching his obligation in the face of defendant’s constantly repeated threats and protests, he did so on each occasion at his peril and must suffer the consequences.
*311 Opinion and decree, March 27, 1916.
The cases of Bacas vs. Mandot, 3 Ct. of Ap., 324, and Standard Brewing Co. vs. Anderson, 121 La., 935, have no application to the present controversy, since they relate to cases where the landlord without notice seeks to take advantage of the position which the tenant has been led to assume by reason of the landlord’s own failure to protest or object.
There is no error in the judgment and it is accordingly affirmed.
Judgment affirmed